## Shade-Central City School District
## v. Class of 1974 (No. 2)

*Eugene E. Fike, 2nd,* of *Fike, Cascio & Boose,* for petitioner.

*David J. Flower,* of *Kimmel, Rascona, Yelovich & Bowman,* for respondent.

COFFROTH, *P.J.*, December 8, 1976—This is an application by petitioner in this declaratory judgment proceeding for further relief pursuant to our prior opinion and decree of May 24, 1976: Shade-Central City School District v. Class of 1974 (No. 1), 33 Somerset 11, 1 D. & C. 3d 376 (1976).

Following the issuance of that decree, and pursuant to its terms, counsel for respondent notified counsel for petitioner, by letter dated June 17, 1976, copy of which is attached to the pending application, that respondent "hereby designates that the fund be donated to the activities fund at Somerset County Vocational Technical School, or, in the absence of an activity fund, equally to the various career clubs at Somerset County Area Vocational Technical School. We believe that if the fund is delivered to the Board at Somerset Vocational Technical School the Board can divide it equally among the career clubs."

Following receipt of that letter, petitioner filed its present application for further relief raising two questions:

(1) Are the proposed uses of the fund a school-related purpose within the terms of the prior opinion and decree?

(2) If so, is a letter from counsel for respondent a sufficiently authoritative designation of the donee of the fund?

At the hearing, respondent introduced in evidence petitions containing the signatures of 36 of the 88 members of the graduating class, including three of the four class officers, electing to give the money to the "Sommerset (sic) County Area Vo Tech School." Miss Dianne Hoffman, class secretary, canvassed all of the class members in Central City and vicinity whom she was able to contact, all of whom signed the petitions. It is conceded that the Central City Area School District is a member of the Somerset County Area Vocational Technical School District, and contributes to its financial support, and that some of the Shade-Central City students, including some members of the class of 1974, attend and have attended its classes. There was no evidence to show whether there are any school-sponsored or school-related activities or career funds at the Vo Tech School.

Counsel for petitioner does not challenge the proposition that the Somerset County Vo Tech School program is school related, but does contend that student activity or career funds are not so related. We think that such funds would qualify as school-related purposes if it were shown specifically what funds are involved, their purposes and whether they are sponsored or authorized by the Vo Tech School Board. There being no such evidence, we shall approve transfer of the fund to the Vocational Technical School District to be used for school purposes without restriction, and leave to its board of directors the decision whether to apply it to student activities or career funds (which should be a preferred use in view of that expression of desire on the part of the respondent class) or for other school purposes. This complies essentially with the terms both of counsel's letter of

June 17th and of the petitions of the class members submitted in evidence.

Under the circumstances, we are satisfied that the requested disposition represents the action and desire of the available members of the respondent class. Recognition of this request, although not precisely in accord with parliamentary procedure, is preferable to the alternative of forfeiture. We pointed out in our prior opinion the difficulties of administration of the fund by the class after graduation, saying:

"After graduation, the group also lacks geographical cohesion and will find it difficult, if not impossible to function. In our view, the Code must be held to contemplate a liquidation at graduation, or within a reasonable time thereafter, of any remaining balances in graduating class funds by using the same for school related purposes." 33 Somerset 20, 1 D. & C. 3d 376.

Ordinarily, we would not consider a liquidation of a fund in 1976, belonging to a class which graduated in 1974, as occurring with a reasonable time after graduation. We granted a longer dispensation in this case because the legal status of the fund was not clear, and the parties had little legal guidance in the matter at graduation time. It is preferable that the decision by the class as to the disposition of its funds should be made before graduation while the class members are still on campus and can function fully as an organization. The adoption of reasonable regulations by the board governing such decisions would be helpful. See prior opinion, footnote [4].

## DECREE NISI

Now, December 8, 1976, it is ordered, adjudged and decreed as follows:

1. The class funds of the respondent class of 1974 in the hands of petitioner school district shall be paid forthwith to Somerset County Area Vocational Technical School District, less the record costs of this case which shall be paid from the fund.

2. Unless exceptions are filed within 20 days as provided in Pa. R.C.P. 1518, the decree of May 24, 1976, and this decree nisi shall be entered by the prothonotary as the final decree, pursuant to Pa. R.C.P. 1519. See Craig Estate, 32 Somerset 255 (1976).